Filed 6/16/16  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>  v.<br><br>TERRELL DWAYNE JONES,<br><br>   Defendant and Appellant. | C080584<br><br>(Super. Ct. No. CRF15434) |

   This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

   We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

   A felony complaint charged defendant Terrell Dwayne Jones with second degree burglary (Pen. Code, § 459; count 1; undesignated statutory references are to the Penal

1

Code), grand theft (§ 487, subd. (a); count 2), false information to a peace officer (§ 148.9, subd. (a); count 3), and possession of a controlled substance (methamphetamine) (Health & Saf. Code, § 11377, subd. (a); count 4). With respect to counts 1 and 2, it was also alleged that defendant had a prior strike conviction. (§§ 1170.12, subds. (b) & (c), 667, subds. (d) & (e).)

Pursuant to a negotiated disposition, defendant pleaded guilty to grand theft and admitted the prior strike allegation. With respect to the theft offense, defendant admitted that he stole a handheld invoice computer and printer from a deliveryman who had left these devices on a counter in a market. As part of the plea agreement, the parties agreed that defendant would be placed on probation and the remaining counts and the prior strike allegation would be dismissed if he completed a residential treatment program. The parties further agreed that if defendant did not complete the program he would be sentenced to six years in state prison.

Defendant failed to successfully complete the residential drug treatment program. As a consequence, the trial court sentenced him to six years in prison, with credit for time served of 96 days. The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation restitution fine in the amount of $300 (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)), and a $30 conviction assessment fee (Gov. Code, § 70373).

Defendant filed a timely notice of appeal. The trial court granted defendant's request for a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. To date, defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to

*Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     HULL     , Acting P. J.


We concur:


     ROBIE     , J.


     BUTZ     , J.

3